IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Jose Reyes Arevalos,            )
                                )   C/A No. 0:16-3322-TMC
                Petitioner,     )
                                )
        v.                      )   **ORDER**
                                )
Warden Joseph McFadden,         )
                                )
                Respondent.     )
                                )

This matter is before the court on Petitioner Jose Reyes Arevalos' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1] Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") recommending Respondent's Summary Judgment Motion (ECF No. 26) be granted and the petition be dismissed with prejudice. (ECF No. 49). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id*. at 16. Petitioner has timely filed objections to the Report. (ECF No. 60).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life &*

---

[1] A magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

*Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

Briefly, Petitioner was indicted in May 2010 for accessory before the fact to first degree burglary and two counts of accessory before the fact to murder. He was represented by attorney Patrick L. Mangrum, and on July 10, 2010, Petitioner pled guilty to accessory before the fact to first degree burglary and two counts of accessory after the fact to murder. Petitioner was sentenced to thirty years imprisonment for the accessory before the fact to first degree burglary charge and consecutive fifteen years imprisonment for the two counts of accessory after the fact to murder. He did not appeal his convictions or sentences.

On January 29, 2013, Petitioner filed a pro se application for post-conviction relief ("PCR") raising ineffective assistance of counsel. Following an evidentiary hearing, the PCR Court denied Petitioner relief on May 8, 2015.

Petitioner appealed and his appellate counsel, Assistant Appellate Defender Robert M. Pachak, filed a *Johnson* petition raising a single issue of whether petitioner's guilty plea was knowingly and voluntarily entered.[2] Petitioner filed a response to the *Johnson* petition, raising the following issues: 1) Whether PCR Counsel failed to inform Petitioner of the Petitioner's obligation to present witnesses whose testimony was relevant to substantiate the allegation on PCR; and 2) Whether PCR Counsel failed to subpoena the translator who wrote Petitioner's statement and the translator at the plea proceeding to substantiate Petitioner's PCR allegations.

The South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari. The remittitur was issued May 23, 2016. On September 30, 2016, Petitioner then filed this habeas

---

[2]In *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), the South Carolina Supreme Court held that the factors in *Anders v. California*, 386 U.S. 738 (1967), apply in PCR appeals. Pursuant to *Anders,* appellate counsel who seeks to withdraw after finding the case to be wholly frivolous, must file a brief raising an arguably meritorius issue. *Anders*, 386 U.S. at 744.

2

petition raising two grounds for relief.

## II. Discussion

In his habeas petition, Petitioner raises the following claims:

**Ground One:** Petitioner's guilty plea was not knowingly and voluntarily entered.

**Supporting Facts:** Petitioner had problems with the police officer acting as translator present for his statement. Counsel was not bilingual and did not have a translator. Counsel failed to inform Petitioner that he could challenge the statements translated by a police officer. Petitioner believed there was an agreement with the prosecution and counsel told Petitioner he would receive between zero to fifteen years and no one explained the difference between before and after the fact.

**Ground Two:** Counsel failed to subpoena the translator who wrote Petitioner's statement and the plea translator to substantiate PCR grounds[.]

**Supporting Facts:** Trial counsel admitted that the interpreter "had a tough time communicating."

(ECF No. 1, Habeas Petition).[3]  In her Report, in regard to Ground One, the Magistrate Judge determined that Petitioner failed to show that the PCR's decision was contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. (Report at 13).  In regard to Ground Two, the Magistrate Judge determined that the issue was not cognizable in a habeas action.

In his PCR proceeding, Petitioner argued he is Mexican and the translator for the statements he made to police was Puerto Rican.  He argued that because of this, there were some problems with the translation. He also argued that his attorney never told him the difference between accessory before the fact and accessory after the fact.  Moreover, he testified at the PCR hearing that he believed there was an agreement with the prosecutor that he would be sentenced to

---

[3]*See Houston v. Lack*, 487 U.S. 266, 271 (1988) (holding pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). Petitioner's habeas petition was date stamped as having been received by the prison mailroom on September 30, 2016.  (ECF No. 1-1).

3

zero to fifteen years and deported. On cross-examination, as for his statements, Petitioner stated that he thought the basis of what was being translated was translated correctly. Petitioner stated, however, that he did not sign the waiver. Petitioner then stated that the translator at the guilty plea did not translate to him the possible sentence each charged carried.

Plea counsel testified that he did not recall Petitioner raising any issues with the translator at the plea hearing. He also testified that Petitioner did not take issue with the facts, i.e. Petitioner admitted he was involved and Petitioner was the person who drove his co-defendants to the house where the burglary and murders were committed, and picked them up after the fact.

The PCR court found Petitioner's guilty plea was knowing and voluntary. The PCR court found plea counsel was credible and Petitioner was not credible. The PCR court found that the record reflects that the translator at the plea hearing was approved by court administration and Petitioner never brought any issues regarding the interpreter to his counsel's attention, and further, the PCR court found credible plea counsel's assertions that Petitioner fully understood the proceedings. Accordingly, the PCR court denied Petitioner PCR and dismissed his application with prejudice.

As the Magistrate Judge noted, at his guilty plea, Petitioner was provided a translator approved by the South Carolina Judicial Department's Court Administration; Petitioner did not indicate that he had difficulty communicating or understanding during the guilty plea hearing; and Petitioner answered affirmatively when the plea judge asked him if he understood all of his discussions with his counsel prior to the hearing. (Report at 9). Further, Petitioner indicated that plea counsel had explained to him the difference between accessory before the fact and accessory after the fact and each charges sentences. The plea judge then informed Petitioner that he could receive a maximum fifteen year sentence imprisonment on each charge of accessory after the fact to murder and a sentence of fifteen years to life for accessory before the fact of burglary. Additionally, at the guilty plea, the State entered into the record, three signed statements made by

Petitioner to law enforcement, and each statement included a waiver written in Spanish.

In his objections, Petitioner first argues that the Magistrate Judge erred in denying his motion for counsel and an evidentiary hearing. To the extent that Petitioner's objections are construed as a timely appeal of the Magistrate Judge's order denying Petitioner's motions for the appointment of counsel (ECF No. 48), pursuant to Fed. R. Civ. P. 72(a), the court is unable to say that the Magistrate Judge's decision was either clearly erroneous or contrary to law.[4] The court abuses its discretion if it fails to appoint counsel when exceptional circumstances exist. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984). The existence of exceptional circumstances depends on the complexity of the case and the ability of the petitioner to present it. *Id.* A review of the record indicates that this case is not complex and that Petitioner has been able to adequately present his case. He also filed a lengthy response to Respondent's motion for summary judgment. (ECF No. 42). Additionally, in a habeas action, the court's review is limited to the evidence that was placed before the state court. *See Cullen v. Pinholster*, 563 U.S.170, 180, 184 n.7 (2011); *see also* 28 U.S.C. § 2254(d)(2). Petitioner has not shown any reason to deviate from the general rule. Thus, the court is of the firm opinion that the Magistrate Judge did not err in denying Petitioner's motion for appointment of counsel and an evidentiary hearing.

Petitioner then objects to the Magistrate Judge's Report. Petitioner sets forth five numbered objections. However, the first four objections are not specific and merely reargue Petitioner's claims as to Ground One. *Gaines v. South Carolina*, No. Civ. 0:08-cv-0053-RBH,

---

[4]Pursuant to Rule 72(a), a party can file objections to a Magistrate Judge's order on any non-dispositive matters within fourteen days after being served a copy of the order. Fed.R.Civ.P. 72(a); see 28 U.S.C. § 636(b)(1)(A). While Petitioner was granted an extension of time within which to file objections to the Report, Petitioner did not move for an extension of time to file objections to the order denying his motion for counsel and an evidentiary hearing. (ECF Nos. 51, 54). However, out of an abundance of caution, the court will address his objections to the Magistrate Judge's order. Further, as a non-dispositive matter, the review of a Magistrate Judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.* Accordingly, only if a Magistrate Judge's decision is "clearly erroneous or contrary to law" may a District Judge modify or set aside any portion of the decision. Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

2009 WL 3817287, at *3 (D.S.C. Nov.12, 2009) (finding that because the petitioner's objections merely restated the claims from his habeas petition, the district court had no reason to engage in a second analysis of those claims, which the magistrate judge had already addressed in thorough detail).

Although a de novo review is not required in light of Petitioner's nonspecific objections, the court has nonetheless exercised its discretion and conducted a de novo review of the Report. The Magistrate Judge found the PCR court's factual findings, including his credibility determinations, are supported by the record and not objectively unreasonable. (Report at 13). In doing so, the Magistrate Judge extensively reviewed the testimony of Petitioner and plea counsel at the plea and PCR hearings. (Report at 9-12). The court has also independently reviewed the record and testimony in this case, and agrees with the Magistrate Judge. Petitioner has not shown the PCR court's credibility findings to be stark and clear error. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear. . . . . Indeed, 'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, the court finds Petitioner's objections as to Ground One are without merit.

As to Ground Two, the Magistrate Judge determined that the claim was not cognizable in a habeas action. Petitioner alleges that his PCR counsel was ineffective for failing to call as a witness the translator who translated the three written statements to law enforcement. The Magistrate Judge is correct that ineffective assistance of PCR counsel is not a free-standing claim cognizable on federal habeas review. 28 U.S.C. § 2254(1). In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that while errors of PCR counsel generally cannot serve as a basis to excuse the procedural default of a federal habeas petitioner's claims, inadequate assistance of counsel at initial-review collateral review proceedings may establish cause for the petitioner's

procedural default of a claim of ineffective assistance of counsel at trial). The holding in *Martinez*, however, "does not make a free-standing claim cognizable." *Boseman v. Warden of Lee Corr. Inst.*, No. 2:11–3265, 2012 WL 5380636 (D.S.C. Sept.24, 2012), adopted by 2012 WL 5380701 (D.S.C. Oct.31, 2012). Moreover, because the respondent has not asserted that any of Petitioner's claims are procedurally barred from federal review, *Martinez* has no application to Petitioner's case.

### III. Conclusion

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Respondent's Summary Judgment Motion (ECF No. 26) is **GRANTED** and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 21, 2017